UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kim William Rowe,

    Petitioner, **ORDER**

v. Civil No. 11-1966

Tammie Joan Vargason,

    Respondent.

_____

    Mary E. Seaworth, Counsel for Petitioner.

    Becky R. Thorson, Shira Shapiro, Laura E. Nelson and Seth A. Northrup, Robins, Kaplan, Miller & Ciresi L.L.P., Counsel for Respondent.

_____

    Pursuant to the Memorandum Opinion and Order dated September 28, 2011 [Doc. No. 36] this Court granted the Petition for Return of Child, contingent on Petitioner providing to the Court satisfactory documentation that custody proceedings had been commenced in Australia. Petitioner attempted to commence such custody proceedings in Western Australia, but the proceedings were adjourned, as TJR had not yet been returned. [Doc. No. 48] The Court also learned that Respondent registered the Intervention Order issued in the State of Victoria, in Western Australia. [Doc. No. 43, Ex. 4]. As a result, an Intervention

1

Order is now effective in the Western State of Australia which prevents Petitioner from having contact with TJR. The Court notes that the Intervention Order is set to expire on January 7, 2012.

The Court held a hearing on October 20, 2011 at which time the Court heard argument on Respondent's motion to continue entry of a final return order, to allow her time in which to seek permission from the Minnesota state courts to travel to Australia with both children, as Respondent's daughter is the subject of a protective order entered in Minnesota. The Court agreed to continue the matter until December 2, 2011.

Since the October 20, 2011, the Minnesota state court issued an order on Respondent's motion to Modify the Order for Protection. The state court granted the motion, and ordered:

> If the U.S. District Court orders that [TJR] be returned to Australia, and Tammie accompanies [TJR] there and continues to reside there permanently, it is in the best interests of [DV] that Paragraph 2 of Tammie's Motion be granted and this Court hereby orders that, under those circumstances, Tammie shall continue to have sole physical and legal custody of [DV] and that she be permitted to return to Australia with [DV] and reside there without Andrew's consent.

(Exhibit B to Weekly Status Report dated December 1, 2011 (Findings of Fact, Conclusions of Law, and Order dated November 21, 2011).)

Also since the October 20, 2011 hearing, Petitioner arranged for the Midland Office of the Department for Child Protection in Australia ("DCP") to conduct an inspection of Petitioner's home. Such an inspection was conducted and DCP issued a report finding that Petitioner's home was hygienically clean, that an appropriate bedroom had been set up for TJR, and that workers had no concerns for TJR's safety in the home.

Based on the above, the Court finds that a final order for removal should be issued at this time.

IT IS HEREBY ORDERED that the Petition for the Return of the Child is GRANTED and that TJR return to his habitual residence in Australia. Petitioner is hereby awarded physical custody of TJR to allow for his return, unless the parties mutually agree to alternative travel arrangements.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: December 2, 2011

                s/ Michael J. Davis
                Michael J. Davis
                Chief Judge
                United States District Court