UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kim William Rowe,

    Petitioner,

v.

Tammie Joan Vargason,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 11-1966

_____

    Mary E. Seaworth, Counsel for Petitioner.

    Becky R. Thorson, Shira Shapiro, Laura E. Nelson and Seth A. Northrup, Robins, Kaplan, Miller & Ciresi L.L.P., Counsel for Respondent.

_____

This matter is before the Court on Respondent's motion to stay pending appeal.

**Standard**

A district court may stay enforcement of a judgment while an appeal is pending pursuant to Fed. R. Civ. P. 62(c) if the following factors support such a stay: " (1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The party seeking such a stay has a difficult burden. Haimdas v. Haimdas, 720 F. Supp.2d 183, 210 (E.D.N.Y. 2010) (citing United States v. Private Sanitation Indus. Ass'n, 44 F.3d 1082, 1084 (2d Cir. 1994)). The most important factor is the likelihood of success on the merits. Brady v. National Football League, 640 F.3d 785, 789 (8th Cir. 2011). "Ultimately [the court] must consider the relative strength of the four factors, "balancing them all." Id.

**1. Likelihood of Success on the Merits**

Respondent argues that this factor weighs in favor of a stay because she will present meritorious issues for appeal. As set forth above, a stay pending appeal is warranted only where the movant demonstrates a strong likelihood of success on the merits, or a substantial case on the merits[1]. Hilton 481 U.S. at 778.

Respondent first argues that the issue of whether Petitioner lacked the requisite rights of custody for a prima facie Hague claim is a meritorious claim.

---

[1] Respondent argues that she need only show that her claims provide a fair ground for litigation. In support, she cites to Brady v. NFL, 779 F. Supp.2d 992, 1039 (D. Minn. 2011), which in turn cites to Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) - a case which discussed whether preliminary injunctive relief was appropriate, not a stay pending appeal. To be clear, the Court finds that the proper standard is a strong showing of success on the merits or substantial case on the merits, as set forth in the Hilton decision.

The Court disagrees. As set forth in the Memorandum Opinion and Order dated September 28, 2011, no court order had issued that expressly terminated Petitioner's rights of custody pursuant to Australian law. Further, it is well settled that in determining whether a petitioner was exercising rights of custody for purposes of a claim under the Hague Convention, courts will construe "exercise" broadly. (Mem. Op. at 14.) Based on the facts submitted in this case, and under the applicable law, Respondent has not made a substantial case on the merits of her claim that Petitioner was not exercising his rights of custody at the time of TJR's removal.

   Respondent further argues that a conflict of law exists as to whether evidence of abuse of the mother is sufficient to establish the Article 13(b) defense. The Court disagrees that a conflict of law exists in the circuit courts of appeal as to the relevance of evidence concerning abuse of the mother in determining whether a grave risk of harm exists as to the child. The cases cited by Respondent on this issue apply the same standard as the Eighth Circuit; what makes these cases distinguishable is the facts. Each case cited by Respondent involved facts of horrific abuse against the mother, committed in the presence of the children and evidence of violence directed toward the children. See Walsh v.

Walsh, 221 F.3d 204 (1st Cir. 2000) (district court erred in concluding that evidence did not demonstrate a grave risk of physical and psychological harm to children, where evidence was presented that father demonstrated an uncontrollably violent temper, and that his assaults were committed in presence of his two youngest children); In re Adan, 437 F.3d 381 (3d Cir. 2006) (finding that evidence that father directly abused the child and the mother demonstrated grave risk of harm would occur if child returned to father); Simcox v. Simcox, 511 F.3d 594, 608-09 (6th Cir. 2007) (finding that evidence of repeated physical and psychological abuse of mother, in presence of children, and evidence that children were suffering from post-traumatic stress disorder, supported a finding that grave risk of harm existed if children returned); Van de Sande v. Van de Sande, 431 F.3d 567, 570 (7th Cir. 2005) (finding evidence that father threatened to kill the children, that he had a propensity for violence, and that he beat his wife severely and repeatedly in children's presence established grave risk of harm to children); Baran v. Beaty, 526 F.3d 1340, 1346 (11th Cir. 2005) (finding evidence that father abused alcohol, and that he was only marginally able to care for son, was abusive toward mother in son's presence, and repeatedly stated he did not want son and that he should have been aborted supported finding of grave risk

4

of harm to son).   Respondent did not present to the Court evidence of repeated abuse by Petitioner, conducted in the presence of TJR, or evidence of repeated abuse by Petitioner against TJR.

The applicable standard in the Eighth Circuit, and in the cases cited above, is whether Respondent demonstrated, by clear and convincing evidence, that there exists a grave risk that TJR would be exposed to harm if returned to Australia.  That is the standard applied by this Court as is clear in the Memorandum Opinion and Order dated September 28, 2011.  Accordingly, the argument that a conflict of law exists has no merit.

Respondent also argues that this Court should conduct an inquiry whether, by a preponderance of the evidence, TJR is well settled in the United States as a period of one year lapsed from the time he left Australia, to the date the Hague Petition was filed.  The Court did conduct such an inquiry, and found that Respondent had not met her burden.

In addition, Respondent argues that it was error to exclude the testimony of Professor Edleson and Dr. David Matthews.  As is clear from the Court's prior Memorandum Opinion and Order, the Court allowed both experts to testify, but ultimately determined that their testimony was unreliable.

Admission of expert testimony is governed by Rule 702 of the Federal Rules of Civil Procedure. Respondent has not demonstrated that the Court's application of Rule 702 was improper.

Based on the above, the Court finds that Respondent has failed to demonstrate a likelihood of success or a substantial case on the merits of her appeal.

### 2.    Irreparable Injury

Respondent argues that TJR will be exposed to a grave risk of physical or psychological harm if returned to Australia. In its September 28, 2011 Memorandum Opinion and Order, the Court already determined that the record does not support such a finding.

Respondent further asserts that if she would accompany TJR to Australia at this time, she may not be allowed to return to the United States for a period of ten years, given her current immigration status. In support, Respondent has submitted an affidavit from her immigration attorney, Anna Stenson, in which she states "If [Respondent] leaves the U.S., she will potentially be inadmissible from the U.S. for a period of ten years." (Northrup Decl., Ex. 4 (Stenson Decl. ¶ 10.) Ms. Stenson further stated that it is possible that if Respondent left the

United States at this time, she could seek permission to re-enter, or she could seek a waiver from the ten year bar. (Id. ¶¶ 13 and 16.) Ms. Stenson conceded that there were other alternatives that would allow Respondent to return to the United States, but that such alternatives were no guarantee. (Id. ¶ 17.) Respondent further asserts that TJR will also face challenges in obtaining permanent resident status in the United States if ordered removed to Australia. Generally, Stenson notes that it will be easier for TJR to obtain such status if he remains in the United States until his petition is decided.

The Court finds that while Respondent may face challenges with regard to her and TJR's immigration status if they return to Australia at this time, Respondent has not demonstrated that they will, in fact, be denied admission to re-enter the United States for a period of ten years.

The Court thus finds that this factor does not warrant a stay of the judgment pending appeal.

### 3. Injury to Petitioner

Respondent argues that Petitioner would not be harmed by staying enforcement of this Court's order pending appeal, given the fact that an Intervention Order effective until January 7, 2012 prevents Petitioner from having

any contact with TJR. Further, Respondent argues that Petitioner did not expeditiously seek access to TJR prior to this action being filed.

Petitioner argues that he will be injured by a stay, as it would result in further delay of the opportunity to reunite with his son. The Court finds that based on the above, the balance of harms weighs against the issuance of a stay.

### 4. Public Interest

Respondent argues that there is no risk to the public interest if a stay is granted, given the public's interest in keeping children safe from physical and emotional harm. Petitioner argues that the public interest would be harmed as a stay is contrary to the Hague Convention's purpose of securing the prompt return of a child to the proper jurisdiction for custody determinations and because unnecessary delays renders the eventual return more difficult for the child and future adjudications in the foreign court become more difficult.

The Court finds that based on the facts of this case, the public interest would be harmed by a stay.

Accordingly,

IT IS HEREBY ORDERED that the Motion to Stay [Doc. No. 63] is DENIED.

Date: December 9, 2011

                                           /s Michael J. Davis  
                                          Michael J. Davis  
                                          Chief Judge  
                                          United States District Court

Civil No. 11-1966